UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JON MORRIS and LISA MORRIS, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRY CASUALTY INSURANCE COMPANY, a/k/a COUNTRY MUTUAL INSURANCE COMPANY, a/k/a COUNTRY INSURANCE & FINANCIAL SERVICES, a domestic insurance company doing business in Washington,<br><br>Defendant. | CASE NO. C11-719RSM<br><br>ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter is before the Court for consideration of a motion for partial summary judgment filed by defendant Country Casualty Insurance ("Country"). Dkt. # 14. Country requests that plaintiffs' claims under RCW 48.30.015, the Washington Insurance Fair Conduct Act ("IFCA") be dismissed. Plaintiffs have opposed the motion and request that judgment be entered in their favor on these claims, pursuant to Fed.R.Civ.P. 56(f). The parties have requested an expedited ruling to facilitate their mediation which is scheduled for November 3, 2011. To that end, they have agreed that the relevant facts are undisputed and the IFCA issue can be decided as a matter of law. For the reasons set forth below, the Court shall grant defendant's motion and deny plaintiffs' motion.

ORDER - 1

FACTUAL BACKGROUND

This case arises from a construction dispute between plaintiffs, Jon and Lisa Morris ("the Morrises"), and defendant's insured, Chuck and Carrie Snow ("the Snows"). The Snows, doing business as Mystic Mountain Homes, were performing work under contract on a custom home for the Morrises. Disagreements over the quality of the work arose and Snow stopped work, while the Morrises stopped payment on the contract. Snow filed suit in Snohomish County Superior Court in 2000 to foreclose a mechanic's lien filed on the home. The Morrises counterclaimed for negligence and unworkmanlike performance. The Snows tendered defense of the counterclaims to their insurer, Country. By letter dated March 18, 2004, Country denied coverage and declined to defend, both denials based on exclusions in the policy.

The Snows and the Morrises submitted their dispute to arbitration, which resulted in a decision in favor of the Morrises for breach of contractual warranties. On January 8, 2008, an arbitrator awarded the Morrises damages in the amount of $478,959.41, less the unpaid balance due on the contract of $31,958.51. The Snows then filed for bankruptcy, and the Snohomish County proceedings were stayed pending a determination of dischargeability. The bankruptcy court issued a ruling that an as-yet to be determined amount of the Snows' debt to the Morrises was non-dischargeable. The parties then entered into a settlement, stipulating to a non-dischargeable amount of $125,000 in the bankruptcy proceedings, a damage award in the Snohomish County Superior Court proceedings in the amount of $447,000, and assignment of the Snows' rights against their insurer to the Morrises.

On January 21, 2011, counsel for the Morrises presented a letter to Country, demanding the principal balance of $447,000 plus an additional amount for attorneys' fees, interest, and bad faith, for a total of $897,999.35 to settle the claim. Dkt. # 14-1. Country did not agree to the demand.[1] Subsequently, on March 3, 2011, the Morrises sent notice of intent to file suit under IFCA to the Washington Insurance Commissioner and to Country. The lawsuit was then filed in Snohomish County Superior Court, and removed to this Court by defendant. Country now seeks summary judgment of

---

[1] There may be a factual issue as to whether Country actually responded to the demand letter. This question is not relevant to the legal analysis herein.

ORDER - 2

dismissal of plaintiffs' claims under the IFCA. Plaintiffs, in response, request that a declaratory judgment be entered in their favor on the IFCA claim.

## DISCUSSION

The Washington Insurance Fair Conduct Act provides, in relevant part, that:

> (1) Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs, as set forth in subsection (3) of this section.
>
> (2) The superior court may, after finding that an insurer has acted unreasonably in denying a claim for coverage or payment of benefits or has violated a rule in subsection (5) of this section, increase the total award of damages to an amount not to exceed three times the actual damages.
>
> (3) The superior court shall, after a finding of unreasonable denial of a claim for coverage or payment of benefits, or after a finding of a violation of a rule in subsection (5) of this section, award reasonable attorneys' fees and actual and statutory litigation costs, including expert witness fees, to the first party claimant of an insurance contract who is the prevailing party in such an action.
>
> (4) "First party claimant" means an individual, corporation, association, partnership, or other legal entity asserting a right to payment as a covered person under an insurance policy or insurance contract arising out of the occurrence of the contingency or loss covered by such a policy or contract.

RCW 48.30.015 (1) - (4).

In moving for summary judgment as to the IFCA claims, Country cites to well-established law that the IFCA is not retroactive and does not apply to denials issued prior to the effective date of the statute, December 6, 2007. *Malbco Holdings, LLC, v. AMCO Insurance Co.*, 546 F. Supp. 2d 1130 (E.D.Wash. 2008); *Haley v. Allstate Insurance Co.*, 2010 WL 4052935 (W.D.Wash. 2010). These cases and many others state that the "precipitating event" that rises to a claim under the IFCA is the unreasonable denial of a claim for coverage. *Malbco*, 546 F. Supp. 2d at 1133; *Haley*, 2010 WL 4052935 at * 7. That denial occurred on March 18, 2004, more than three years prior to the effective

ORDER - 3

date of the IFCA, so it cannot serve as the basis for a claim under the IFCA.

Plaintiffs argue, in opposition to defendant's motion, that they are "first-party" claimants under the IFCA, and that Country acted in violation of the IFCA by failing to respond to their January 21, 2011 demand letter.  This argument is unavailing.  If plaintiffs are "first-party" claimants under the IFCA, which has not been established, they would stand in the shoes of the Snows and are simply re-asserting the same claim that was denied in 2004.  The courts have consistently held that re-asserting a claim that was denied previously, or appealing that denial, does not trigger application of the IFCA. *Haley*, 2010 WL 4052935 at * 7; *Lenk v. Life Insurance Co. of N. America*, 2010 WL 5173207 (E.D.Wash. 2010); *Rinehart v. Life Insurance Co. of N. America*, 2009 WL 529524 (W.D.Wash. 2009).  On the other hand, if, as Country contends, the plaintiffs are judgment creditors who simply presented a demand letter, they are not first-party claimants, and have no rights under the IFCA.  Thus, regardless whether plaintiffs are "first-party" claimants, they cannot assert an IFCA claim based on the denial of their January 21, 2011 settlement demand.

Plaintiffs also contend that they have other bases for their IFCA claims based on alleged violations of WAC 284-30-330, WAC 284-30-360, and WAC 284-30-370. The IFCA provides that a violation of any of these WAC sections is "a violation for the purposes of subsections (2) and (3)" of the statute. RCW 48.30.015(5).  This contention fails as well.  As defendants have noted, this Court has determined that alleged WAC violations do not provide an independent cause of action under the IFCA absent an unreasonable denial of coverage.  *M.K. Lim Inc., v. Greenwich Insurance Co*, C10-374 MJP, Dkt. # 41, p. 5 (W.D.Wash. May 23, 2011); *Weinstein & Riley v. Westport Insurance Corp*, 2011 WL 887552 at * 30 (W.D.Wash. 2011).   The denial of coverage here occurred well before enactment of the IFCA, and plaintiffs may not independently invoke its application based on alleged WAC violations even if they occurred at a later time.

ORDER - 4

## CONCLUSION

Defendant's motion for partial summary judgment on the IFCA claims is GRANTED and plaintiff's IFCA claims are hereby DISMISSED. Plaintiff's cross-motion for a declaratory judgment on the IFCA claims is DENIED.

DATED: October 31, 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 5